IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

In re:

PANTHERA ENTERPRISES, LLC,
           Debtor

BK No. 2:19-bk-00787
Chapter 7

_____

AARON C. AMORE, WEST VIRGINIA
ECONOMIC DEVELOPMENT
AUTHORITY, and PANTHERA
TRAINING, LLC,
           Plaintiffs

v.

AP No. 2:21-ap-00002

TR&L, LLC AND SMI, LLC, THERESA
MORGOGLIONE, JAMES PUNELLI,
RAYMOND JONES, PANTHERA
TRAINING CENTER LLC and
PANTHERA WORLDWIDE LLC,
           Defendants.

**MOTION TO COMPROMISE/SETTLE ADVERSARY PROCEEDING AND RESOLVE PENDING OBJECTIONS TO TRUSTEE'S MOTION TO SELL REAL PROPERTY BY SMI, LLC, TR&L, LLC AND AZADIAN GROUP, LLC**

      Comes now Aaron A. Amore, Chapter 7 Trustee ("Trustee") and moves the Court for approval of a compromise and settlement of certain claims as between these parties pursuant to 11 U.S.C. §§ 105, 541, 704, and Fed. R. Bankr. P. 2002, and 9019. The Trustee desires to resolve the claims asserted in adversary proceeding 21-ap-2 by way of this motion to compromise as between the Plaintiffs Aaron C. Amore, West Virginia Economic Development Authority ("WVEDA"), and

Panthera Training, LLC ("Training") and Defendants SMI, LLC and TR&L, LLC including the counterclaims asserted by SMI, LLC and TR&L, LLC, default having been entered against all other defendants in the adversary proceeding. The Trustee also seeks to compromise the claims and objection of SMI, LLC and TR&L, LLC (claim nos. 25&26) to the Trustee's motion to sell, and the claim of Azadian Group, LLC (claim no. 21) and its limited objection to the motion to sell.

The settlement terms were reached at the mediation conducted by the Honorable Keith L. Phillips via zoom held on June 2, 2021.

## LEGAL STANDARD

A decision to compromise a claim is also reviewed under the business judgment test. E.g., *In re OptInRealBig.com, LLC*, 345 B.R. 277, 292 (Bankr. D. Colo. 2006) ("Where an application under Rule 9019 is appropriate, the Court's job is to determine whether a given settlement is fair and equitable to the estate. In making its determination, the Court gives some deference to the business judgment of the debtor-in-possession."). A review of that business judgment generally turns on the outcome of four factors: (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors. *Fry's Metals, Inc. v. Gibbons* (*In re RFE Industries, Inc.*), 283 F.3d 159, 165 (3rd Cir. 2003). See also *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424-25 (1968)

(same); *Drexel v. Loomis,* 35 F.2d 800, 806 (8th Cir. 1929) (same). A compromise of claims under Rule 9019 serves the purpose of binding the bankruptcy estate and the creditor to the terms of the bargain struck by the parties. *OptInRealBig.com*, 345 B.R. at 291.

## FACTS AND REVIEW OF LEGAL CLAIMS

On September 13, 2019, Panthera Enterprises, LLC ("Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, which case was thereafter converted to a case under Chapter 7 of the Bankruptcy Code on July 21, 2020. Thereafter, the Trustee was appointed as the Chapter 7 Trustee of the Debtor's Estate and continues to so serve.

On February 12, 2021, The Trustee, WVEDA and Training brought an action, 21-ap-2, to avoid transfers of certain property conveyed prepetition to SMI, LLC, TR&L, LLC, and/or Theresa Morgoglione ("Morgoglione"). ECF 281. The Complaint sought to avoid the conveyance of timber rights to the Debtor's real property, that were claimed to be secured by WVEDA's deeds of trust, and the conveyance of the Debtor's personal property, purportedly including certain modular buildings located on the Debtor's real property. The Plaintiffs also sought declaratory relief to establish that the modular buildings are fixtures and/or buildings, subject to WVEDA's deeds of trust. No money damages were sought in this complaint.

In response, TR&L, LLC, as the purported successor by assignment of the assets of SMI, LLC and Morgoglione, filed counter-claims asserting that it was the owner of certain personal property, had been assigned the timber rights from either SMI, LLC and/or Morgoglione and maintained that it purchased the personal property of the Debtor which included the modular buildings. The Plaintiffs responded denying said claims.

TR&L, LLC also objected to the Trustee's motion to sell now pending before this Court and set for hearing on June 22, 2021. TR&L filed a proof of claim in the amount of Five Hundred and Twenty-Nine Thousand Dollars and Zero Cents ($529,000.00).

Azadian Group, LLC ("Azadian") filed a proof of claim asserting it was a secured creditor on a range of property of the Debtor by way of its UCC-1s filed in Delaware. It objected to the motion to sell on the limited basis that its claim should be paid in full, from the proceeds of sale of the Debtor's non-real estate assets, and that it had a security interest in the Debtor's government contract. Azadian's proof of claim was in the amount of Eight-Six Thousand Eight Hundred and Twenty-Nine ($86,829.00) Dollars and Zero Cents.

**Compromise**

SMI, LLC/TR&L, LLC

The Trustee of Panthera Enterprises, LLC, and in his capacity as manager of Panthera Training Center, LLC, Training and TR&L, LLC, have agreed to resolve

the claims and counter-claims asserted in the adversary proceeding, and the objection of SMI, LLC and TR&L, LLC to the Trustee's motion to sell. Training has agreed to pay TR&L, LLC the amount of Five Hundred Dollars and Zero Cents ($500.00) for release of all of SMI, LLC's, TR&L, LLC's, and Morgoglione's claims related to the timber rights on the real property owned by the Debtor. This will be done by way of a quit claim bill of sale of the purported timber rights to Training. Training has agreed to pay the sum of Eighty-Seven Thousand Dollars and Zero Cents ($87,000.00) for release of all of SMI, LLC's, and TR&L, LLC's claims relating to personal property owned by the Debtor and/or Panthera Training Center, LLC and/or purportedly sold to SMI, LLC and assigned to TR&L, LLC, including but not limited to the modular buildings. SMI, LLC and TR&L, LLC agree that the modular buildings are fixtures to the real property subject to the sale by the Trustee and subject to the WVEDA's Deeds of Trust and fixture filing. The settlement as between these parties resolves all of the claims and counter-claims now pending in adversary proceeding 21-ap-2. WVEDA and Training agree to the terms for settlement of the adversary proceeding. TR&L, LLC will withdraw its objection to the Trustee's motion to sell real property now pending before this Court. The settlement agreement with SMI, LLC, TR&L, LLC and Morgoglione is contingent upon approval of the Trustee's motion to sell real property, this motion to compromise and the dismissal of adversary proceeding 21-ap-2. The payment of the

settlement funds will be made at the closing for the sale of the real property assuming the Trustee's motion to sell is approved by this Court.

### Azadian Group, LLC

The Trustee, Training and Azadian have reached an agreement to resolve Azadian's proof of claim and objection to the Trustee's motion to sell as proposed. Azadian has agreed to accept a lump sum payment of Forty Thousand ($40,000.00) Dollars and Zero Cents at the closing of the real property. Training will pay the sum of Fifteen ($15,000.00) Dollars and Zero Cents and the Trustee has agreed to the payment of an additional Twenty-Five Thousand ($25,000.00) Dollars and Zero Cents out of the remaining funds due to the estate as part of the sale. The Trustee has agreed to defer part of his commission to accommodate this payment. Azadian has agreed to accept the proposed payment as satisfaction of its proof of claim and will withdraw its limited objection to the motion to sell, and cause to be filed the necessary documents to release any security instrument(s). The settlement agreement is contingent upon approval of the Trustee's motion to sell and this motion to compromise. The payment of the settlement funds will be made at the closing for the real property assuming the Trustee's motion to sell is approved by this Court.

### **Conclusion**

Review of factors regarding motion to compromise:

(1) Probability of success in litigation: The Trustee is of the opinion that the probability of success was high, but the costs of litigation and the potential uncertainty would have led to additional fees and costs that would diminish the amount to the estate. The settlement agreement does not use any estate funds to pay TR&L, LLC and all funds are paid by Training. Azadian presented itself as a secured creditor with respect to personal property. A determination that TR&L and/or Azadian were secured as to the modular buildings would imperil the proposed sale. Azadian also claimed that it had a security interest in the Debtor's government contract and in the Debtor's accounts payable that were and are paid to the Debtor by way of a certain contract that is subject to a subcontract with Training.

(2) Difficulty in collection: The Trustee did not seek a money judgment or return of assets. This factor is not relevant as the agreements accomplished the goals of the Trustee through the adversary proceeding and response to the objection to the Trustee's motion to sell.

(3) Complexity of litigation: The Trustee is of the opinion that there was not a significant factual development to be accomplished but there did exist certain potentially complex legal positions that the Court would need to decide. The settlement agreements resolve the pending objections to the Trustee's motion to sell with the exception of the Williams objection.

(4) Paramount Interest of Creditors: The sale of the real property will result in the payment to WVEDA in full, payment to the junior lien holders as agreed and will return funds to pay the administrative claims of the estate and likely the priority claims with a potential recovery to the unsecured creditors, albeit a potentially small distribution.

**Wherefore,** the Trustee asks this Court for an order granting this Motion to Compromise/Settle the claims as set forth hereinabove.

Respectfully Submitted
Aaron C. Amore, Trustee
By Counsel:

*/s/ Aaron C. Amore*
Aaron C. Amore, WVSB No. 6455
AMORE LAW, PLLC
206 West Liberty Street
Charles Town, WV 25414
Phone: 304-885-4111
Facsimile: 866-417-8796
E-mail: aaron@amorelaw.com

Seen and agreed:

*/s/ Douglas E. Kahle*
Douglas E. Kahle, VSB # 15964
Admitted Pro Hac Vice
308 Cedar Lakes Drive, 2nd Floor
Chesapeake, VA 23322
T: (757) 547-9191
F: (757) 547-9135
DKahle@basnightkinser.com
Counsel for Panthera Training, LLC

*/s/ Debra Lee Allen*
Debra Lee Allen, WVSB No. 9838
Spilman Thomas & Battle, PLLC
48 Donley Street, Suite 800
Morgantown, West Virginia 26507-0615
T: (304) 291-7920 | (304) 216-5835
F: (304) 291-7979
dallen@spilmanlaw.com
Counsel for West Virginia Economic Development Authority